```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :
JOSUE PAGUADA, on behalf of himself and all others        :
similarly situated,                                       :
                                                          :
                              Plaintiffs,                 :        20 Civ. 6667 (JPC)
                                                          :
            -v-                                           :        ORDER
                                                          :
HOMESUBLIME, LLC,                                         :
                                                          :
                              Defendant.                  :
                                                          :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      Plaintiff Josue Paguada filed the Complaint in this action on August 20, 2020. (Dkt. 1). On August 31, 2020, the Honorable Analisa Torres, United States District Judge for the Southern District of New York, directed all parties to appear for an Initial Pretrial Conference ("IPTC") on November 2, 2020. (Dkt. 6). Proof of Service was filed on the docket on September 10, 2020, reflecting that Defendant Homesublime, LLC was served on September 4, 2020, making its deadline to answer or otherwise respond to the Complaint September 25, 2020. (Dkt. 8). This case was reassigned to the undersigned on September 29, 2020.

      In its October 19, 2020 Notice of Reassignment Order, the Court notified the parties that the November 2, 2020 IPTC would take place as scheduled. (Dkt. 9). On October 28, 2020, Plaintiff filed a letter requesting that the IPTC be adjourned *sine die*, as Defendant has neither appeared in the action nor responded to the Complaint. (Dkt. 10). Further, Plaintiff's letter notified the Court that "Plaintiff is in the process of obtaining a Certificate of Default from the Clerk of the Court and will promptly be moving the Court for a Default Judgment." (*Id.*). The next day, the Court granted Plaintiff's request and directed him to file his motion for a default judgment by November 30, 2020. (Dkt. 11).

Plaintiff failed to move for a default judgment by November 30, 2020.  Instead, he filed a letter motion on December 14, 2020, requesting an additional twenty-one days to attempt to contact Defendant or move for a default judgment.  (Dkt. 14).  That same day, Plaintiff filed an Affirmation in Support of Request for Certificate of Default (Dkt. 15) and a Proposed Clerk's Certificate of Default (Dkt. 12).  Also on December 14, 2020, the Clerk of Court entered a Certificate of Default as to Defendant (Dkt. 16), and the Court issued an Order granting Plaintiff's request for additional time to move for a default judgment and setting a briefing schedule for Plaintiff's anticipated motion (Dkt. 17).  The Court directed Plaintiff to move for a default judgment or show cause why this case should not be dismissed for failure to prosecute by no later than January 13, 2021 and scheduled a conference on February 24, 2021, directing Defendant to appear and show cause why a default judgment should not be entered against it.  (*Id.*).

Over a month has gone by since the January 13, 2021 deadline, with no action on the part of Plaintiff.  Plaintiff has failed to either move for a default judgment as to Defendant or show cause why the Court should not dismiss this case for failure to prosecute.

While it would be fully within the Court's authority to dismiss this action for failure to prosecute, the Court will grant Plaintiff one last opportunity to prosecute this case and extend the deadline for him to move for a default judgment to February 22, 2021.  If Plaintiff fails to move for default judgment by February 22, 2021, the Court will dismiss this action *sua sponte* for failure to prosecute without further notice.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . .").

The Court vacates its Order dated December 14, 2020 and adjourns *sine die* all deadlines set in that Order as well as the February 24, 2021 conference.

SO ORDERED.

Dated: February 16, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge